IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TIMOTHY BRYAN CANTRELL,
As the Administrator of the Estate of
Wanda Jean Watson, Deceased,                                              PLAINTIFF

v.                                                CIVIL ACTION NO.: 1:14-cv-00128-GHD-SAA

GENERAL MOTORS, LLC and
TRW VEHICLE SAFETY SYSTEMS, INC.                                          DEFENDANTS

## MEMORANDUM OPINION GRANTING AGREED MOTION TO CHANGE VENUE

Presently before the Court is the parties' agreed motion to transfer venue [43]. Upon due consideration, the Court is of the opinion that the motion is well taken.

The parties agree and request that the Court change the venue and location of the trial in this cause from the Aberdeen to Oxford Division for the convenience of parties and witnesses, particular with respect to travel accommodations and proximity to the Memphis International Airport to attend trial.

Venue is determined at the outset of litigation and is not affected by subsequent events. *Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003) (citing *Mich. Trust Co. v. Ferry*, 228 U.S. 346, 353, 33 S. Ct. 550, 57 L. Ed. 867 (1913); *Exxon Corp. v. FTC*, 588 F.2d 895, 899 (3d Cir. 1978)). The federal venue transfer statute, 28 U.S.C. § 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). The movant must show that "the

transferee venue is . . . clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

The Court is of the opinion that the parties have demonstrated that the Oxford Division would be clearly more convenient for the parties and witnesses to attend trial. Accordingly, the parties' agreed motion to change venue [43] is GRANTED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 25 day of November, 2014.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE